[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
INTRODUCTION
The revised complaint ("complaint") in this case, dated March 5, 1999, originally contained ten counts. During argument on the captioned motion, the court granted summary judgment in favor of the defendants on CT Page 10209 the ninth and tenth counts. The remaining eight counts have been captioned by the plaintiff, in the complaint, as follows:
First and second counts, false imprisonment;
 Third and fourth counts, intentional infliction of emotional distress;
 Fifth, sixth and seventh counts, negligent infliction of emotional distress; and,
Eighth count, defamation.
DISCUSSION
 First and Second Counts
For purposes of the defendants' motion for summary judgment, the following allegations of the first count, being supported by the materials submitted by the plaintiff in opposition to the motion, are taken to be true;
 The plaintiff was employed by the defendant Sears Roebuck and Co. ("Sears") to count cash at its Meriden store;
 Near the end of the work day on March 29, 1995, the defendant Anthony Massaro ("Massaro"), who was employed as Director of Loss Prevention Services at Sears' Meriden store, asked the plaintiff to accompany him to his office, which she did;
 In his office, Massaro accused the plaintiff of stealing several thousand dollars from Sears, told her that he had strong evidence, including videotapes, that incriminated her and told her that unless she confessed, she would be arrested and put in handcuffs, either in the Meriden store or at her home in front of her children;
The plaintiff had not stolen money from Sears;
 The plaintiff asked Massaro, "What if I get up right now and say I quit and leave?", to which Massaro replied, "Then I have no choice but to call the police and they'll take you out in handcuffs" CT Page 10210
 The plaintiff believed that if she attempted to leave Massaro's office, Massaro would physically restrain her until the police arrived, and she remained in his office, against her will, for approximately one and one half hours.
The second count realleges the allegations of the first count and also alleges that Sears, as Massaro's employer, is liable for Massaro's having falsely imprisoned the plaintiff.
The defendants have moved for summary judgment as to the first and second counts on the following grounds:
 The claim of false imprisonment is a claim for personal injuries which is barred by the Workers' Compensation Act; and
 Physical restraint is an element of a cause of action for false imprisonment, and the plaintiff has not submitted material from which the trier could conclude that she was physically restrained.
 Workers' Compensation Defense
The defendants rely on the exclusive remedy provisions of the Workers' Compensation Act, § 31-284 (a) and § 31-293a of the General Statutes (all further section references are to the General Statutes), to preclude the plaintiff's claim of false imprisonment on the basis that the plaintiff's alleged injuries are "personal injur(ies)" or "injur(ies)" as defined in § 31-275 (16) (A). That provision states:
 "Personal injury" or "injury" includes, in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease.
Because the injuries alleged to have been suffered by the plaintiff are not alleged to have been caused by an accident or by repetitive trauma or repetitive acts, and because no materials have been submitted to the court which suggest otherwise, any injuries alleged are not within the definition contained in § 31-275 (16) (A) and, therefore, are not covered by Workers' Compensation, so that the plaintiff is not barred by the exclusive remedy provisions of § 31-284 (a) or § 31-293a from CT Page 10211 asserting those common law claims against her employer and her fellow employee.
Another provision of the Workers' Compensation Act also bears on this defense. Section 31-275 (16) (B) states, in relevant part:
 "Personal injury" or "injury" shall not be construed to include: . . .
 (iii) A mental or emotional impairment which results from a personnel action, including, but not limited to, a transfer, promotion, demotion or termination. . . .
If the injuries alleged by the plaintiff constitute mental or emotional impairment resulting from her termination, then the bars to a common law action against her fellow employee and her employer would not apply. Whether those injuries constitute mental or emotional impairment resulting from her termination is a material issue of fact.
Absence of physical restraint
The defendants argue that an essential element of a false imprisonment is the application of physical force to restrain liberty, and that the plaintiff has neither alleged, nor submitted material to suggest, that physical force was applied to her. However, in a recent statement on this issue, the Supreme Court approved the following definition of false imprisonment:
 "[T]he intentional, unlawful restraint or confinement of a person's physical liberty through the exercise of force . . . express or implied." (Internal quotation marks omitted.)
Berry v. Loiseau, 223 Conn. 786, 821 614 A.2d 414 (1992).
The plaintiff has alleged, and submitted a transcript of her sworn testimony which supports the claim, that she remained in Massaro's office because Massaro indicated to her that if she attempted to leave, he would have her arrested. In excerpted form, § 53a-192 (a) provides:
 A person is guilty of coercion when he compels or induces another person to engage in conduct which such other person has a legal right to abstain from engaging in. . . by means of instilling in such other person a fear that, if the demand is not complied with, the actor . . . will . . . accuse any person of CT Page 10212 a criminal offense . . .
Taking as true, for purposes of this motion, the plaintiff's allegation and deposition testimony that Massaro threatened to have the plaintiff arrested if she attempted to leave his office without signing a confession that she had stolen from Sears, that act facially constitutes the crime of coercion.
Judge Dunnell previously decided in this case that an action for damages does not lie for coercion, and that criminal prosecution is the exclusive remedy for such an act. The court is now faced with a somewhat different issue. That is, whether an act of coercion can constitute the exercise of implied force, for Berry purposes. The court is not prepared to rule that coercion cannot, under the facts of this case, constitute the exercise of implied force because the trier could conclude that a reasonable person would acquiesce in the restraint of his or her liberty in response to criminal coercion.
Third and Fourth Counts
The third and fourth counts reallege all the allegations of the first and second counts and also contain new allegations which the plaintiff claims constitute intentional infliction of emotional distress. The defendants argue that they are entitled to summary judgment on these counts because of the exclusive remedy provisions of the Workers' Compensation Act and because the conduct alleged was not extreme and outrageous.
Workers' Compensation defense
For the same reasons that summary judgment based on the bars of the Workers' Compensation Act was denied as to the first and second counts, it is also denied as to the third and fourth counts.
Extreme and outrageous
The plaintiff claims that Massaro acted in an extreme and outrageous manner when he falsely represented that he had strong evidence, including videotapes, incriminating the plaintiff of theft of money from Sears and when he insisted that she sign a confession of such theft or face arrest. If the trier credits those claims, it could conclude those acts were extreme and outrageous acts.
Fifth, Sixth and Seventh Counts
The fifth, sixth and seventh counts reallege all allegations of the CT Page 10213 previous counts and also contain new allegations which the plaintiff claims constitute negligent infliction of emotional distress. The defendants argue that they are entitled to summary judgment on these counts because that tort lies only for an employer's unreasonable conduct in the process of terminating an employee, and that the acts of the defendants were neither unreasonable nor committed in the termination process. Whether the acts alleged were unreasonable or were committed in the termination process present material issues of fact for the trier.
Eighth Count
The eighth count realleges all allegations of the previous counts and also alleges that by publishing the claim that the plaintiff had stolen, both defendants defamed her. The defendants argue that they are entitled to summary judgment on this count because the communications alleged to have been defamatory were true and because they were privileged. Whether those communications were true or privileged present material issues of fact for the trier.
CONCLUSION
The defendants' motion for summary judgment as to the first through eighth counts, inclusive, is denied.
G. Levine, J.